## O'NEAL et al. v. TOWN OF SILOAM et al.

1. Towns and villages in this State, incorporated by the superior courts under the provisions of the Political Code of 1895, §§ 685-710, are authorized, through their mayors and councils, to levy, assess, and collect taxes on businesses or occupations, for the purpose of raising revenue for corporate purposes.
2. Other assignments of error are fully dealt with in the opinion.

No. 434. NOVEMBER 17, 1917.

Petition for injunction. Before Judge Park. Greene superior court. May 26, 1917.

*J. P. Brown,* for plaintiffs. *S. H. Sibley,* for defendants.

GEORGE, J. The Town of Siloam was incorporated by the superior court, under the provisions of the Political Code of 1895, §§ 685-710 (omitted from the Code of 1910). It had a mayor, councilmen, and marshal. An ordinance of said town provided that "no person or persons, firm or corporation, shall engage in any business, trade, occupation, or profession herein named, without having first obtained license from the clerk of council, for which he, they, or she shall pay in advance the sum specified in such case. . . All such licenses are due and payable on the first of March each year." For the year 1917 a tax was levied upon 34 classes of business, including a tax upon general merchandise business, as follows: On business done not exceeding $500, $2; not exceeding $1000, $5; over $1000, not exceeding $5000, $7.50; over $5000, not exceeding $10,000, $10; over $10,000, not exceeding $15,000, $15; over $15,000, not exceeding $20,000, $20; and for each additional $1000 over $20,000, $0.50 per $1000; and upon blacksmith-shops, $5. A resolution of the mayor and council of the Town of Siloam, of April 17, 1917, was passed, providing for notice by the marshal to all persons who had not paid their license taxes for the year 1917, and, upon failure to pay by date named in the resolution, that executions be issued against them therefor.

O'Neal carried on a general mercantile business, and Mooneyhan operated a blacksmith-shop in the Town of Siloam during the year 1917. Each of them failed to pay the taxes required by the ordinance. The mayor, on the authority conferred by council, issued executions against O'Neal for $7.50, tax on the business of general merchant, and against Mooneyhan for $5, tax on blacksmith-shop. Each execution was levied by the marshal, and the property levied on was advertised for sale under notices signed by the mayor and posted by the marshal. O'Neal and Mooneyhan petitioned the superior court for an injunction to prevent the sale of the property so levied on and advertised, and insisted that each of the executions against them was proceeding illegally, for the following reasons: (1) that the town had no authority to impose an occupation tax on the respective businesses of the petitioners; (2) that the law required all members of the council to issue executions; (3) that the marshal, and not the mayor, had authority to advertise property for sale under legal process; (4) that the

occupation taxes assessed against them were not uniform and ad valorem, as required by the constitution and laws of Georgia. Mooneyhan alleged, under the last ground, that no tax was assessed against a hotel which was being operated in the year 1917 in the Town of Siloam.

On the interlocutory hearing the court agreed with the contention embraced in ground 4, in so far as it applied to a general mercantile business, for the reason that the tax assessed by the town on the business of general merchandise is measured by the amount of goods sold by the merchant—that is, by the gross value of his sales, and the principle of uniformity applicable to all subjects of taxation by the constitution demands that the tax be ad valorem; and held that the ordinance, in fixing a tax on the business of general merchandise, was void and unenforceable as to O'Neal. In this we agree with the trial judge. See *Johnston* v. *Macon,* 62 *Ga.* 645 (2); *Livingston* v. *Albany,* 41 *Ga.* 21; *Atlanta National Association* v. *Stewart,* 109 *Ga.* 80 (5) (35 S. E. 73). On the contention relating to the non-taxation of a hotel business the ruling was against Mooneyhan; and in this we think the court was right. Not all businesses carried on within the town need be taxed. The right of selection exists in the mayor and council; the uniformity provision of the constitution not applying as between the classes of business selected for municipal taxes. *Johnston* v. *Macon,* supra; *Weaver* v. *State,* 89 *Ga.* 639, 642 (15 S. E. 840); *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523, 526 (54 S. E. 534).

On the second contention the court in effect found that the executions against the defaulting taxpayers should be issued by the whole council, including the mayor; but that it appeared from the evidence introduced before him that the full board of councilmen had expressly authorized the mayor to issue the executions, and that this was sufficient. We find no error in this ruling. Political Code of 1895, § 689 (3); *Lamb* v. *Dart,* 108 *Ga.* 602 (2), 607 (34 S. E. 160); *Roberts* v. *Dancer,* 144 *Ga.* 341 (3), 343 (87 S. E. 287).

On the third contention the court ruled that the advertisement of the property for sale should be made by the town marshal; and in this respect the ruling was favorable to both petitioners.

On the first contention, relating to the power of the Town of

Siloam to lay occupation or business taxes, the ruling was against the petitioners. This is the chief and controlling question in the case, and requires consideration.. The question was raised .and decided in favor of the right or power, by the Court of Appeals of this State, in *Lewis* v. *Harris,* 12 *Ga. App.* 305 (77 S. E. 108), although the businesses there taxed might be properly considered within the police power and subject to license·tax under § 702.. There the ordinance of a town incorporated by the superior court under the provisions of the Political Code of 1895, supra, was held to be· enforceable through its penalty feature; while here a fi. fa. was issued. Section 696 of that code, enumerating the general powers of council, provides that they shall have power, "to provide .a revenue for the town and appropriate the same to its expenses; to provide for the annual assessment of taxable property therein; and to adopt rules for the regulation and government of its own body. To carry into effect these enumerated powers . . the council shall have power to make and pass all needful orders, by-laws, ordinances, . . not contrary to the constitution and laws of this State." The power "to provide revenue for the town" is mentioned as distinct from and in addition to the power "to provide for the annual assessment of taxable property therein." Manifestly, revenue is to be provided by the means in use at the time of the adoption of this act, and by the assessment of taxes upon such subjects· as were then generally considered subject to taxation. We call attention to the language of § 701, supra, where, after providing for the levy of a street tax, it is provided that, in the event of a deficiency, "the council thereof shall levy a. tax on. all the subjects of taxation therein, sufficient for that purpose, and to pay all other expenses incident thereto." This section clearly includes occupations as a proper subject of town taxation, equally with the property located in said town. In *Home Insurance Co.* v. *Augusta,* 50 *Ga.* 530, 539, where the provision of a city charter which gave power "to make such assessments on the inhabitants, or those who hold taxable property" therein, "as may seem expedient," was under construction, this court said: "It certainly authorizes a tax on property. Is it limited to that? . . Businesses, occupations, and professions are as equally the subject of taxation as property, and have been as regularly taxed as any real or personal property. . . When taxation is referred to, the

power to 'make assessments' includes the power to assess all three, unless there be some other provision to limit it." See also *Pearce* v. *Augusta, 37 Ga.* 597; *Burch* v. *Savannah, 42 Ga.* 597.

Properly construed, § 702 of the Code of 1895, supra, which gives to such a town the power to license any business for the carrying on of which a license by the State is required, has reference to the regulatory or police power of the town to require licenses, where the purpose and design is not primarily to raise revenue by exacting tax payments, but to control the business. The businesses mentioned in this section are generally held to be within the police power of a municipality. See *Cutsinger* v. *Atlanta*, 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280). Some of the businesses enumerated, which it is declared the town shall have the right to license, are barrooms, saloons, hotels, billiard-tables, shows, etc.

The general power of the council to levy a tax of so much as may in its opinion be necessary to pay the expenses of the town annually, granted in § 700, supra, which section provides that "The levy so ordered shall be upon all dogs in said town or village, and upon all the real and personal estate therein, subject to State and county tax; provided that the tax so levied shall not exceed one dollar on every hundred dollars of the value thereof," does not exclude the power to tax businesses and occupations, on the authority of *Home Insurance Co.* v. *Augusta*, supra.

We conclude that the judgment of the court was correct upon all the questions made, and his judgment is accordingly

*Affirmed. All the Justices concur, except Fish, C. J., absent.*