PRICE *et al.* v. RICHARDSON, tax-collector, *et al.*

1. Paragraph 22 of section 2 of the general tax act of 1921, which imposes a business tax of ten dollars upon every barber-shop having two chairs or less, and a tax of five dollars for each chair in addition to two, does not violate the provision of paragraph 1 of section 2 of article 7 of the constitution of this State.

2. Said provision of said act is not unconstitutional upon any of the other grounds upon which its constitutionality is attacked.

No. 4528. NOVEMBER 21, 1924.

Petition for injunction. Before Judge Humphries. Fulton superior court. September 5, 1924.

*Spalding, MacDougald & Sibley,* for plaintiffs.

*George M. Napier, attorney-general, Seward M. Smith,* and *Frank Carter,* for defendants.

HINES, J. 1. The plaintiffs filed their equitable petition against the comptroller-general of Georgia and the tax-collector of Fulton County, to enjoin the collection of the tax on barbershops imposed by the general tax act of 1921, on the grounds that the provision of that act levying this tax is unconstitutional and void, because it violates the following provisions of the constitution of this State, to wit: art. 7, sec. 2, par. 1 (Civil Code of 1910, § 6553), which is as follows: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," art. 1, sec. 1, par. 2 (Civil Code of 1910, § 6358), which declares: "Protection to person and property is the paramount duty of government, and shall be impartial and complete;" and art. 1, sec. 1, par. 3 (Civil Code of 1910, § 6359), which says: "No person shall be deprived of life, liberty, or property, except by due process of law." The provision of the tax act of 1921 above referred to is as follows: "Upon every barber-shop having two chairs, or less, the sum of $10.00, and the sum of $5.00 for each chair in addition to two." Ga. Laws 1921, pp. 38, 44, sec. 2, par. 22. It is specifically insisted that this paragraph of this act violates that portion of the above provision of our State constitution which declares that "All taxation shall be uniform upon the same class of subjects." The alleged lack of uniformity consists in the fact that a barber operating a shop with one chair pays, under this law, a tax of $10.00, while a barber operating a shop with two chairs, pays the same amount of tax. There is no lack of uniformity in cases where barbers run shops with more than two chairs. Is this contention sound?

Occupation taxes must be uniform upon all members of any class created by the legislature. *Cutliff* v. *Albany,* 60 *Ga.* 597;

*Mayor &c. of Savannah* v. *Weed*, 84 *Ga.* 683 (11 S. E. 235, 8 L. R. A. 270). When the legislature makes a distinct class, it must treat each member of it alike. *McGee* v. *State*, 92 *Ga.* 21 (17 S. E. 276). But the legislature has the power to classify persons or occupations for the purpose of imposing occupation taxes. The power to classify includes the power to subclassify. This constitutional provision does not require the legislature to embrace in one class all persons in a given business. The legislature could make one general class of all persons engaged in occupations. In that case it would be incumbent upon the legislature to impose the same tax upon all members of this class. But the legislature can tax some occupations, and leave others untaxed. It can put merchants in one class, or subdivide them into many classes. It can put cigar dealers, grocers, dry goods merchants, and all other dealers in separate classes. It can subdivide these classes into wholesale and retail dealers, and put a higher tax on the former than upon the latter. *Cook* v. *Marshall Co.*, 196 U. S. 261 (25 Sup. Ct. 233, 49 L. ed. 471). "Occupations which are taxed may be divided into various classes." *McGee* v. *State*, supra. "It is not only within the power of the General Assembly to make one general class of all persons engaged in manufacturing or dealing in sewing-machines, for the purpose of taxing them upon their occupations, but it may constitutionally make for this purpose a more limited class, composed of persons engaged in the sewing-machine business and consisting of those transacting such business in specified or particular ways." *Singer Mfg. Co.* v. *Wright*, 97 *Ga.* 114 (25 S. E. 249, 35 L. R. A. 497). A business tax on a common carrier is not "unconstitutional because the tax is graduated according to the number of drays, carriages, wagons, etc., used in such business." *Goodwin* v. *Savannah*, 53 *Ga.* 410. "A tax on the business of draying, scaled according to the number of drays employed and according to the capacity of the drays, whether one or two horse, is uniform." *Johnston* v. *Macon*, 62 *Ga.* 645. In *Sawtell* v. *Atlanta*, 138 *Ga.* 687 (75 S. E. 982), this court held that an ordinance imposing a tax of a certain amount upon ice houses not employing more than five wagons for delivery purposes, and for each additional wagon an additional tax of $10.00, did not violate this constitutional provision. The legislature is authorized to make classifications and subdivisions thereof for the purpose of

levying occupation taxes, and in so doing can make any classification or subdivision which is reasonable and not arbitrary. *Wright v. Hirsch,* 155 *Ga.* 229 (116 S. E. 795); *Richardson v. Barclay,* 155 *Ga.* 331 (116 S. E. 807).

This provision of the tax act of 1921, in effect, divides barbershops into two classes, one consisting of shops with two chairs or less, and the other consisting of shops with more than two chairs. On the former it imposes a tax of ten dollars, and on the latter the same sum, plus five dollars for each additional chair over two. This classification is not unreasonable or arbitrary. This case falls within the principle ruled in *Sawtell* v. *Atlanta,* supra. Counsel for plaintiffs contend that the present case is distinguishable from the one last cited. They assert that "it is perfectly apparent that if the tax was constitutionally objectionable, the objection arose in those businesses where less than five wagons were employed," and that "no attack was made upon this feature of the taxing act." This deduction is drawn from the language in the decision that "no attack is made on the right of the city to impose the $50 license or occupation tax." This deduction is not sound. This court, in that case, said: "We can not see why the legislative body of the municipality could not have selected the ice house or ice factory employing five wagons or less as a unit for taxing this class of business, just as they could have selected an ice house or ice factory employing only one wagon for delivery purposes as a unit, and begin the ascending scale at that point for imposing an additional tax upon each wagon used." This completely answers this contention. Besides we can not understand by what process of logic a surtax can be held constitutional, when the tax to which it is added is unconstitutional. When you knock out the bottom the top falls. This case is distinguishable from the cases of *Johnston* v. *Macon,* 62 *Ga.* 645, and *O'Neal* v. *Siloam,* 147 *Ga.* 420 (94 S. E. 238). In the *Johnston* case the tax was scaled by the amount of the business transacted, and for this reason this court held that it should be ad valorem. The same differentiation is applicable in *O'Neal* v. *Siloam.* So we are of the opinion that this provision of the general tax act of 1921 is not unconstitutional on the ground that it violates the uniform tax clause of the State constitution.

2. In view of the above ruling, the other constitutional attacks upon this provision of this tax act are without merit.

*Judgment affirmed. All the Justices concur.*