19996, 20004. SCOTT *et al. v.* SHERWOOD MEMORIAL GARDENS, INC.; and *vice versa.*

CANDLER, Justice. Under authority of and pursuant to the provisions of an act which the legislature passed in 1949 (Ga. L. 1949, p. 223), the unincorporated areas of Clayton County were zoned into several different use districts. As thus zoned, land located in an agricultural district may be used for cemetery purposes after the owner thereof obtains a certificate from the chief building inspector stating that such use complies with the provisions of the county's zoning resolution. The plaintiffs instituted this litigation against the defendant in the Superior Court of Fulton County, and prayed that it be

temporarily and permanently enjoined from establishing a cemetery on a sixty-five acre tract which it owns in Clayton County and which is located in an agricultural district. The petition as amended alleges that a cemetery on land adjacent to that which is owned by the plaintiffs and on which they reside will greatly depreciate the value of their property and will, for stated reasons, be personally objectionable to them. It also alleges that the defendant, during 1956, obtained from the county's chief building inspector a permit to use its sixty-five acre tract for cemetery purposes; that it has surveyed, graded, and shaped the tract for use as a cemetery; that it is selling lots in the tract to the public for burial use; and that it will continue to use and develop the tract as a cemetery unless restrained from doing so. The defendant filed general and special demurrers to the petition as amended. The general demurrers and some of the special demurrers were sustained, and to that part of the judgment the plaintiffs except. The court also overruled some of the special demurrers, and to that part of the judgment the defendant excepted and in a cross-bill of exceptions assigns error on the rulings adverse to it. *Held*:

Injunction will not be granted to restrain the commission of an act already completed. Code § 55-110; *Shurley* v. *Black*, 156 *Ga.* 683 (2a) (119 S. E. 618); *Reid* v. *McRae*, 190 *Ga.* 323 (2) (9 S. E. 2d 176); *Wright* v. *Mayor &c. of Americus*, 210 *Ga.* 358 (80 S. E. 2d 167). In this case the original petition, which was filed several months after the defendant applied for and obtained a permit to use its property for cemetery purposes, and which the petitioner later amended, affirmatively shows that the defendant had already established a cemetery on its land before this litigation was instituted. "A cemetery is created by setting the ground apart for the burial of the dead, marking it, and distinguishing it from the adjoining ground as a place of burial." 14 C.J.S. 63, § 2. Hence, the petition as amended, which sought only an injunction to prevent the defendant from establishing a cemetery on its land in an agricultural district, failed to state a cause of action for such relief, and was properly dismissed on general demurrer. This being true, it is unnecessary to deal with any of the exceptions to the rulings respecting special demurrers.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

*Albert B. Wallace*, for plaintiff in error.
*Harold R. Banke, Edwin S. Kemp, Hamilton Lokey*, contra.