### 28690. BROWN et al. v. WRIGHT et al.

INGRAM, Justice. The appellees are citizens and taxpayers in Fulton County, who filed a petition for declaratory judgment in the Superior Court of that county attacking "the validity of Act No. 229, Ga. L. 1973, p. 475, on the ground that the Act is repugnant to the Constitution of the State of Georgia." Appellees sought injunctive relief against the appellant Fulton County Commissioners, to prevent them "from crediting the tax bills of Fulton County's taxpayers as mandated by the Act" and also sought relief against the appellant State Revenue Commissioner "from certifying and authorizing the disbursement of funds under the Act."

The case was heard by the trial court on appellees' prayer for preliminary injunctive relief and on appellants' motion to dismiss the complaint. After consideration of the issues in the case, the trial court entered an eight-page order, containing findings of fact and conclusions of law, in which the trial judge concluded the Act was unconstitutional and appellees were entitled to injunctive relief. A motion was made by appellants in the trial court to grant supersedeas and stay the injunction during the pendency of appeal but the motion was denied.

The issues presented for decision in this appeal are urgent and compelling public issues affecting the entire state and, therefore, on motion of appellants, the appeal of the case has been accelerated procedurally for this court to consider the case on its merits as expeditiously as possible after hearing from all parties.

A number of issues have been argued orally and in the briefs of the parties. In our view, it is unnecessary to decide all of these issues as a determination of only two questions are dispositive of the case. They are: whether the issues in the case are moot as to the 1973 funds appropriated under the Act, and whether the Act itself is constitutional.

Ga. L. 1973, p. 475, known as Act No. 229 of the General Assembly, authorizes the grant of state funds "to aid in the construction of county roads and maintenance thereof," to the counties of the state, upon each county's providing a property tax credit in accordance with formulas prescribed in the Act. The entirety of the Act will not be set out herein since pertinent provisions of it necessary for a decision on the issues presented will be discussed in this opinion.

I.

Ga. L. 1973, pp. 1353, 1372, contain the General Appropriations Act for fiscal year 1974, known as Act No. 704. It grants an appropriation of Fifty Million Dollars to the 159 counties of Georgia for the purposes provided in Act No. 229. However, the Act appropriating the Fifty Million Dollars was not attacked or ruled upon in the trial court. The order of the trial court, appealed from in this case, was signed December 31, 1973, and filed on January 2, 1974, enjoining the appellants from further implementing, utilizing or enforcing only Act 229 and declaring that Act unconstitutional. According to facts recited in the appellants' brief, "As of the 31st day of December, there were 127 counties for which Act 229 grants had been approved, and those counties have issued individual tax bills reflecting the credit. As of that same date, those 127 counties had received grant checks totaling $43,054,587 or approximately 86.11 per cent of the total $50 Million to be granted by the State. Also, as of that date Fulton County had collected $65,416,008.95 of ad valorem taxes and had allowed $4,915,325.89 of tax credits under the Act."

II.

The first question for decision to which we turn relates to the $50 Million Dollar grant appropriated for the current fiscal year in Act No. 704. As noted, no attack or ruling was made upon it — only upon the companion statutory authority for the grant,

contained in Act No. 229. It is evident that the State Revenue Commissioner prior to the trial court's order had already completed the acts required of him in order to implement Act No. 229 for the current fiscal year (July 1, 1973 to July 1, 1974) with respect to a large majority of the counties throughout the state. State appropriations are now made on an annual basis — from July 1st to July 1st each year. This means that on July 1st of each year the State Fiscal Authorities have to distribute monies for the ensuing fiscal year pursuant to statutory direction from the General Assembly. As a result, one who seeks to stop an annual appropriation must move with some alacrity in order to make a timely attack. It is too late to wait until midyear to enjoin an appropriation already substantially disbursed pursuant to an Act of the General Assembly. Therefore, we hold the injunction as directed to the Revenue Commissioner does not deal with a viable issue as to 1973 funds since the issue of restraining his completed actions is a moot question. With regard to Fulton County, it is also clear that the equitable issue here is likewise moot as to 1973 funds. Fulton County, as of the date of the trial court's order, had collected $65,416,008.95 of ad valorem taxes and had allowed $4,915,326.89 of tax credits under Act 229. Even though some collections remain to be made and a small percentage of State funds remains to be paid out, the issues raised by this case as to the 1973 disbursements are moot. See *Scott v. Sherwood Memorial Gardens,* 214 Ga. 25, 26 (102 SE2d 556); *Hapeville-Block, Inc. v. Walker,* 204 Ga. 462, 464 (50 SE2d 9); *Shurley v. Black,* 156 Ga. 683 (2 a) (119 SE 618).

### III.

The major issue presented in this appeal is whether Act No. 229 is an Act within the power of the General Assembly of Georgia. Is this legislative enactment for the grant of funds to the counties containing the condition precedent attached thereto, authorized by the Constitution? We conclude that it is authorized for the reasons hereafter given.

Act No. 229, despite its length, merely grants state monies for specific purposes to the counties of this state upon a stated condition. The Act provides, in its caption and content, that the grant of state funds made by the Act is for county road construction and maintenance. Art. VII, Sec. IX, Par. IV (b) of the Constitution of Georgia (Code Ann. § 2-6204 (b)) states: "An amount equal to all money derived from motor fuel taxes

received by the State Treasurer in each of the immediately preceding fiscal years, less the amount of refunds, rebates and collection costs authorized by law, is hereby appropriated for the fiscal year beginning July 1, of each year following, for all activities incident to providing and maintaining an adequate system of public roads and bridges in this State, as authorized by laws enacted by the General Assembly of Georgia; *and for grants to counties for aid in county road construction and maintenance, as provided by law authorizing the State Treasurer to make such grants.* Said sum is hereby appropriated for, and shall be available for, the aforesaid purposes regardless of whether the General Assembly enacts a General Appropriations Act and said sum need not be specifically stated in any General Appropriations Acts passed by the General Assembly in order to be available for such purposes. However, this shall not preclude the General Assembly from appropriating for such purposes an amount greater than the sum specified above for such purposes. *The expenditure of such funds shall be subject to all the rules, regulations and restrictions imposed on the expenditures of appropriations by provisions of the Constitution and laws of this State, unless such provisions are in conflict with the provisions of this paragraph.* And provided, however, that the proceeds of the tax hereby appropriated shall not be subject to budgetary reduction. In the event of invasion of this State by land, sea or air, or in case of a major catastrophe, so proclaimed by the Governor, said funds may be utilized for defense or relief purposes on the Executive Order of the Governor. The provisions of this amendment shall become effective July 1, 1961." (Emphasis supplied.)

It is readily seen that this provision of our Constitution specifically authorizes the legislative grant provided by Act No. 229. Road construction and maintenance grants are clearly authorized and, indeed, are typical grants of public funds made by parent governmental entities to local governmental subdivisions. The cases relied on by the appellees dealing with limitations on the taxation powers of the General Assembly are not applicable to the expenditure of State funds provided by this statute and as authorized by the 1960 Constitutional Amendment. Act No. 229 is a constitutionally permissible legislative grant, as the General Assembly is specifically authorized by the Constitution to make a grant of the type provided for therein. We cannot agree with the appellees' argument that the Fifty Million Dollars

authorized by Act No. 229 will not be expended for county road construction and maintenance. There is nothing in the record to substantiate this assertion by the appellees. Therefore, we presume these funds will be expended by the various county authorities only for the purposes authorized by the statute and constitutional amendment. "Where a constitutional provision expressly provides that funds derived from taxes levied and collected may be used only for particular purposes, such funds cannot be utilized for or diverted to any other purpose. 85 CJS 646, Taxation, § 1057 (b)." *Wright v. Absalom,* 224 Ga. 6, 8 (159 SE2d 413).

### IV.

A more difficult decision for resolution is whether the condition precedent attached to the grant authorization in the statute is prohibited by the Constitution. Under Act No. 229, no county is eligible to receive any funds unless a tax credit is given on homesteads first and then on tangible property (exclusive of motor vehicles and trailers) in accordance with formulas prescribed in the Act.

The General Assembly may impose reasonable conditions upon grants of state funds if those conditions are not constitutionally prohibited. Art. VII, Sec. IX, Par. I (c) of the Constitution of Georgia (Code Ann. § 2-6201 (c)) provides, "The General Assembly shall by general law provide for the regulation and management of the finance and fiscal administration of the State." Section 3 of Act No. 229, which attaches the condition precedent to this grant, begins with the statement that it is done "[i]n order to provide better fiscal management."

As seen from the provisions of Art. VII, Sec. IX, Par. IV (b) of the Constitution, set out in full above, "grants to counties for aid in county road construction and maintenance" shall be "as provided by law . . ." This paragraph of the Constitution also provides: "The expenditure of such funds shall be subject to all the rules, regulations and restrictions imposed on the expenditures of appropriations by provisions of the Constitution and laws of this State, *unless such provisions are in conflict with the provisions of this paragraph."* (Emphasis supplied.)

This language from the heart of the constitutional authority for this grant vests broad authority in the General Assembly to dispense funds for the purposes stated therein. We note these provisions of our Constitution were added by amendment in 1960 and ratified by the voters on November 8, 1960. This is the most

recent constitutional expression by the people of Georgia authorizing the General Assembly to provide fiscal support to county road programs, including the imposition of reasonable conditions to such grants. We do not agree the tax credit condition attached to this statutory authorization for the grant of public funds is a forbidden gratuity within the meaning of Art. VII, Sec. I, Par. II of the Constitution. We also note that counsel have not cited any provision of the Georgia Constitution which, directly or indirectly, prohibits the General Assembly from attaching reasonable conditions to county grants for road construction and maintenance. Conditional grants in other public areas of legislative concern are not uncommon. See, e. g., Minimum Foundation Program of Education Act, Ga. L. 1964, p. 3, as amended (Code Ann. Ch. 32-6, particularly § 32-606); Georgia Water Quality Control Act, Ga. L. 1964, p. 416, as amended (Code Ann. Ch. 17-5, particularly §§ 17-524 to 17-528); Georgia Health Code, Ga. L. 1964, p. 499, as amended, particularly by Ga. L. 1966, p. 716 (Code Ann. Ch. 88-21); Aid to Dependent Children Act, Ga. L. 1937, p. 630, as amended (Code Ann. Ch. 99-9, particularly §§ 99-915 to 99-922); Old Age Assistance Act, Ga. L. 1937, p. 311, as amended (Code Ann. Ch. 99-6, particularly § 99-612); Aid to the Blind Act, Ga. L. 1937, p. 568 (Code Ann. Ch. 99-7, particularly §§ 99-713, 99-726 to 99-728). See also Ga. L. 1913, p. 123, as amended (Code Ann. Ch. 92-69, particularly §§ 92-6919 to 99-6929); Ga. L. 1972, p. 1104 (Code Ann. Ch. 92-70A, particularly § 92-7009a). We hold that the General Assembly may attach reasonable conditions to its monetary grants to counties for road construction and maintenance and that the tax credit condition provided in Act No. 229 is reasonable and constitutionally permissible.

## V.

The trial court's order further declared Act No. 229 to be repugnant to the equal protection and due process clauses of the Georgia and United States Constitutions. We have examined the statute in light of this ruling by the trial court and do not find that it violates due process or equal protection provisions of the Constitution of Georgia or the United States. The classification structure of the tax credit formulas contained in the condition required for the grant is a reasonable classification and within the constitutional power of the General Assembly.

The trial court erred in overruling appellants' motion to dismiss and in granting injunctive relief to the appellees.

*Judgment reversed. All the Justices concur, except Undercofler, J.,
who dissents to Divisions 3, 4 and 5 of this opinion.*
ARGUED FEBRUARY 6, 1974 — DECIDED FEBRUARY 8, 1974.

*Webb, Parker, Young & Ferguson, Robert G. Young, Harold T.
Daniel, Jr., Arthur K. Bolton, Attorney General, Richard L.
Chambers, H. Perry Michael, Assistant Attorneys General, David
A. Runnion, Gerald W. Bowling, Deputy Assistant Attorneys
General,* for appellants.
*Larry W. Thomason,* for appellees.

UNDERCOFLER, Justice, dissenting. Act No. 229 is an astute effort
to circumvent constitutional prohibitions. It disguises the grants
as highway construction and maintenance funds which are
perfectly permissible. But to receive the funds the counties must
credit a like amount, primarily in the form of an unauthorized
additional homestead exemption, upon local county ad valorem tax
levies. In actuality the grants do not assist the counties' highway
construction programs. The counties have no additional funds for
this purpose. The grants must be used to satisfy certain
individuals' tax liabilities. Thus, when the Act's veneer is stripped
away it is nothing more than a grant of state funds to pay part of
a homeowner's county ad valorem taxes. Other taxpayers receive
little or nothing. The grants are merely gratuities to certain
individual taxpayers. This is prohibited by the Georgia
Constitution. Despite the beneficent appeal of the Act I can not
reach any other conclusion. I respectfully dissent from Divisions
3, 4 and 5 of the majority opinion.