### 41191. GAS LIGHT COMPANY OF COLUMBUS v. TOWN OF BIBB CITY et al.
#### (322 SE2d 250)

HILL, Chief Justice.

Following a bench trial, the trial court ruled that a 1980 ordinance of the Town of Bibb City assessing a 3% franchise tax on gross sales of natural gas within its corporate limits was not an impairment of the gas company's franchise with the city and that a 1981 city ordinance assessing a 3% occupational tax on gross sales of natural gas within its corporate limits was not beyond the powers of the mayor and council. The Gas Light Company of Columbus appeals.

In 1940, the following ordinance was adopted: "Be it ordained by the Town Council of the Town of Bibb City, Georgia, and it is hereby ordained by authority of same — 1 — That there be, and is hereby granted unto Georgia Power Company, a corporation, its successors and assigns, the right, privilege and franchise to sell and distribute to and in the Town of Bibb City, and to the inhabitants, residents and transients therein, natural and artificial gas for commercial and residential purposes, . . . . 2 — The consideration for this grant is one dollar which amount has this day been paid to the Town of Bibb City by Georgia Power Company." The ordinance contained no durational limit. Georgia Power commenced the service of gas in the town soon thereafter, but later assigned its rights to the Gas Light Company of Columbus.

In September 1980, the town council adopted an ordinance, Section 3 of which was entitled "Compensation for Grant of Franchise." It provided: "Be it ordained that [the gas company] shall pay to the Town of Bibb City a sum equal to 3% of its gross sales of natural and artificial gas to residential, commercial, and industrial consumers within the limits of the Town of Bibb City, Georgia. . . . The payment of the percentage of gross receipts above provided for shall be in lieu of all specific, occupation, license, excise, sales, special and franchise taxes; but not in lieu of ad valorem taxes on property or license taxes on the sale of appliances or on sales other than of gas. . . ." In addition, the franchise was purportedly extended for 40 more years. The gas company has refused to pay this charge.

In May 1981, the town council amended its Business, Special or License Tax Ordinance to provide: "Gas works or company — shall

pay an occupational tax in the amount of 3% of its gross sales of natural and artificial gas to residential, commercial and industrial consumers within the limits of the Town of Bibb City, Georgia. However, all payments made by the Gas Light Company of Columbus, Georgia, pursuant to the franchise tax ordinance passed September 4, 1980, shall be credited toward the payment of the within occupational license tax and shall operate to reduce, to the extent of such payment, the amount due from the percentage of gross sales above provided for." The gas company has also refused to pay this tax.

The gas company filed this suit to have the 1980 ordinance declared unconstitutional as an impairment of its contract and to have it and the 1981 ordinance declared invalid as having been passed without statutory authority, as well as to enjoin the collection of these taxes. The trial court found the ordinances valid and the gas company appeals.

1. We first address the question whether the 1980 ordinance impairs the 1940 franchise agreement entered into between the town council and the assignor of the gas company. There is no durational limit expressed in the 1940 franchise agreement, and the consideration was $1.00. The 1980 ordinance purports to grant a franchise for 40 years and to fix the compensation at 3% of the gross sales of gas.

The Town of Bibb City has the authority to grant a gas franchise under the provisions of the 1895 Act under which it was incorporated in 1909. 1895 Code, Vol. 1, §§ 683-710. Among the powers of the town council enumerated at § 696 are the authority "to erect or authorize or prohibit the erection of gas-works or water-works in the town . . . . To carry into effect these enumerated powers . . . the council shall have power to make and pass all needful orders, bylaws, ordinances, resolutions, rules, and regulations not contrary to the Constitution and laws of this State. . . ."

It is clear that the 1940 ordinance quoted above is a franchise giving the gas company as assignee of the Georgia Power Company the right to provide gas services and is not an easement conveying rights in land. In another part of our code, a "special franchise" is defined thusly: "(2) Every special right exercised within this state and granted by charter, resolution, statute, or otherwise, . . . for the exercise of any public service including, but not limited to, the: . . . (C) Construction and operation of any plant for the distribution and sale of gas . . . by means of wires, pipes, or conduits laid under or above any street, alley, or highway; . . ." OCGA § 48-5-420.

It is true that "[i]t is generally recognized that a franchise granted by a city council to a public-service corporation to use its streets and public places, where the city has the charter power to grant such a franchise, is a binding contract, and cannot be impaired in view of the prohibition against impairment of the obligation of con-

tracts contained in the United States Constitution. *Fletcher v. Peck,* 10 U. S. (6 Cranch) 87 (3 L.ed. 162) [1810]; *State of New Jersey v. Wilson,* 11 U. S. (7 Cranch) 164 (3 L.ed. 303) [1812]; *Union Light, Heat & Power Co. v. Fort Thomas,* 215 Ky. 384 (285 SW 228) [1926]." *City of Summerville v. Ga. Power Co.,* 205 Ga. 843, 844 (55 SE2d 540) (1949).

However, the 1940 franchise includes no express terms making it perpetual and it cannot be made so by implication. *Vernon Shell Road Co. v. Mayor &c. of Savannah,* 95 Ga. 387, 389 (22 SE 625) (1894); see *City of Summerville v. Ga. Power Co.,* supra, 205 Ga. at 845. Moreover, grants of franchises are to be construed in favor of the general public and against the grantee. *McLeod v. Burroughs,* 9 Ga. 213, 221-222 (1851).

Also, the constitution in effect at the time this 1940 franchise was granted prohibited the passing of laws "making irrevocable grants of special privileges or immunities. . . ." 1877 Const., Art. I, Sec. III, Par. II [McElreath, A Treatise on the Constitution of Georgia, § 847 (1912)]. This prohibition was continued in the constitutions of 1945, 1976 and 1983. See 1983 Ga. Const., Art. I, Sec. I, Par. X. In *State Hwy. Bd. v. Willcox,* 168 Ga. 883 (149 SE 182) (1929), the court applied this constitutional provision to a franchise, there to operate a ferry.

We thus must conclude that when the 1940 franchise was granted, it was not granted in perpetuity; i.e., it was revocable, at least after a reasonable period of time. Thus, the 1980 ordinance by the Town of Bibb City impairs no contractual rights granted to the assignor of the gas company's franchise. The trial court did not err in refusing to declare the 1980 ordinance unconstitutional as an impairment of contract.

2. The gas company argues that the charter of Bibb City does not authorize it to impose taxes. However, in *O'Neal v. Town of Siloam,* 147 Ga. 420 (1) (94 SE 238) (1917), it was held that towns incorporated under the 1895 Act, supra, could impose license taxes on businesses and occupations within its city limits. That ruling controls here and the trial court did not err in holding that the town council has the authority to impose an occupational tax upon the gas company. Similarly, although it may be unnecessary to decide because the franchise tax is deductible from the occupational tax, the trial court did not err in holding that the council has the authority to impose a franchise tax.

Therefore, the trial court properly refused to enjoin the collection of these taxes.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1984.

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Madden Hatcher, Jr.,* for appellant.

*Oates & Byars, Samuel W. Oates, Jr.,* for appellees.