### 71880. HOLLIS v. TANNER et al.
(341 SE2d 290)

BANKE, Chief Judge.

This is an appeal from a superior court order upholding the denial of the appellant's application for unemployment benefits.

The appellant has for some 15 years been an employee of the Head Start Program operated by Economic Opportunity Atlanta, Inc. (EOA). Head Start is a federally funded program designed to provide children from low-income families who have not reached the age of compulsory school attendance "such comprehensive health, nutritional, educational, social, and other services as will aid the children to attain their full potential." 42 USC § 9833.

Because Head Start is active only during the school year, its employees are customarily laid off during the summer months; and they customarily have, in the past, applied for and received unemployment

insurance benefits during such months. Following her normal pattern, the appellant made application for unemployment benefits on May 25, 1984, for the week beginning May 20, 1984. Her claim was denied on June 13, 1984, for the stated reason that she "performed services for a public or non-profit educational institution" and was consequently ineligible for benefits under OCGA § 34-8-152 (a).

Simply stated, OCGA § 34-8-152 (a) bars payment of unemployment compensation benefits to employees of any "public or nonprofit educational institution" for periods of unemployment occurring between academic years or terms, where there is a reasonable assurance that such employees will return to their jobs the following term. Prior to 1984, the Employment Security Agency of the Georgia Department of Labor, which administers the unemployment insurance program in Georgia, had not considered Head Start programs to be encompassed by the term "educational institution" and thus had not considered employees of such programs who were laid off during the summer months to be ineligible for unemployment benefits during those months. That policy changed for a brief period following the enactment of an amendment to § 34-8-152 (a) in 1984, making the "between terms" exclusion applicable to individuals performing services "in a public or nonprofit educational institution while in the employ of an educational service agency." Ga. L. 1984, p. 861, § 6 (OCGA § 34-8-152 (a) (4)).

Although the term "educational service agency" was specifically defined by the amendment to mean "a governmental agency or governmental entity which is established and operated exclusively for the purpose of providing such services to one or more public or nonprofit educational institutions," the Georgia Department of Labor initially interpreted the term as encompassing Head Start programs; and it was on the basis of that admittedly mistaken interpretation that the appellant's claim for benefits was denied in June of 1984. In July of that same year, however, the department reinstated its former interpretation of the law to the effect that Head Start employees did not provide services to public or nonprofit educational institutions and thus were not ineligible to receive unemployment benefits during the summer months.

Upon discovering the department's change in policy, the appellant, on July 17, 1984, attempted for the first time to appeal the denial of her claim for unemployment benefits. The hearing officer to whom the case was assigned rejected her appeal as untimely because it had not been filed within the 10-day period provided for by OCGA § 34-8-171. That decision was ultimately upheld both by the Commissioner of Labor and by the Superior Court of Fulton County, whereupon we granted the appellant's application for a discretionary appeal to this court.

It is undisputed that the appellant was provided with written notice of her appeal rights at the time she was notified of the rejection of her claim. At issue in this appeal is whether that notice was legally sufficient. The appellant contends that the written notice was not sufficient because she is illiterate and because the claims representative with whom she dealt knew it. The hearing officer rejected this contention based on a determination that "the claimant at least partially completed the statements on [the application form] which would indicate . . . that she has some reading and writing abilities." Additionally, the appellant contends that the time limitation for filing an appeal should not be strictly enforced in the present case, since the department's rejection of her claim was based on a legal interpretation which it now concedes to have been erroneous. *Held*:

1. The department's reversal of its earlier, erroneous interpretation of the 1984 amendment did not operate to reinstate the appellant's appeal rights. Pursuant to OCGA § 34-8-171 (d), "[a] determination shall be deemed final unless a party entitled to notice thereof applies for reconsideration of the determination or appeals therefrom within ten days after the notice was mailed to his last known address or otherwise delivered to him." Failure to request such reconsideration or to file an appeal within this 10-day period results in termination of the right of appeal, regardless of whether the agency's decision is right or wrong. Cf. *Johnson v. Caldwell*, 148 Ga. App. 617 (251 SE2d 837) (1979). To hold otherwise would be to remove any semblance of finality from the administrative process. Accord *Amaro v. Cal. Unemployment Ins. Bd.*, 65 Cal. App. 3d 715 (135 Cal. Rpt. 493, 497) (1977).

2. Whenever notice is required to be given in a judicial or administrative proceeding, due process requires that it be such notice as is reasonably calculated, under all the circumstances, to enable the interested parties to protect their rights. See *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1949). Accord *Schaffer v. State Bd. of Veterinary Medicine*, 143 Ga. App. 68, 69 (237 SE2d 510) (1977). The delivery of a clearly drafted notice, written in the English language, informing an applicant for public benefits of an adverse agency decision and of the existence of any appeal rights which might be available will generally be considered sufficient to meet constitutional due-process requirements. See *Amaro v. Cal. Unemployment Ins. Bd.*, supra; *DiIenno v. Commonwealth of Pa. Unemployment &c. Bd.*, 429 A2d 1288 (Pa. 1981); *Hernandez v. Dept. of Labor*, 83 Ill.2d 512 (416 NE2d 263) (1981); *DaLomba v. Dir. Employment Security*, 369 Mass. 92 (337 NE2d 687) (1975). Certainly, it is far more reasonable to place upon those applicants who cannot read the English language the burden of having such notices read and explained to them than to place upon those agencies

charged with the administration of public entitlement programs the burden of ascertaining each applicant's level of reading ability.

The applicant in the present case, however, does not contend that the agency owed her a duty to determine her level of reading ability; rather, she contends, in essence, that because the claims examiner with whom she dealt was in fact aware of her illiteracy and because her application was denied on the basis of an erroneous and aberrational policy which the agency was even then in the process of abandoning, the reasonable course for the claims examiner to have taken would have been to inform her orally of her right to challenge the policy in question. The hearing officer who dismissed the appeal did not actually address this contention but rather based the dismissal upon a finding that the appellant had "at least partially completed" portions of the application for herself, thereby demonstrating at least some reading and writing ability. We find nothing on the application form, however, which would tend in any way to support this determination, nor do we find anything else in the record which conflicts with the appellant's testimony that she is unable to read and write and that the claims examiner knew this to be the case and filled out the application form for her.

Because the denial of the appellant's claim was based on a factual determination which is not supported by the record, and because the peculiar facts of this case would support a determination that the appellant was deprived of an admitted right to receive unemployment compensation based solely on the department's failure to provide her with notice which was reasonably calculated, under all the circumstances, to enable her to protect this acknowledged right, we reverse the judgment of the superior court and remand the case for a new administrative determination on the issue of the adequacy of the notice and the timeliness of the administrative appeal.

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1986.

*Gary J. Leshaw, Thomas D. Sutton,* for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General, Ronald J. Armstrong,* for appellees.