S90A0497. YOUNGBLOOD et al. v. STATE OF GEORGIA et al.
S90A0499. BOARD OF COMMISSIONERS OF HARRIS COUNTY
v. BOYKIN et al.
S90A0512. FOSTER et al. v. STATE OF GEORGIA et al.
(388 SE2d 671)

FLETCHER, Justice.

These appeals have in common the issue of whether "Excise Taxes on Rooms, Lodgings, and Accommodations," 1989 Ga. Laws 1 (codified as amended at OCGA §§ 48-13-50 to -53) is constitutional. The appeals involving Youngblood and Foster arise from the same trial court order validating a $30 million bond issue to finance Phase I of the proposed Georgia Dome. The interlocutory appeal from Harris County arises from that county's enactment of an ordinance implementing the hotel/motel tax permitted in the Act and from the trial court's issuance of a temporary restraining order preventing implementation of the ordinance. The primary issues raised revolve around special district taxation. We affirm the appeals involving Youngblood and Foster and reverse and remand in Harris County's appeal.

The Georgia Constitution permits the creation of special districts

> for the provision of local government services within such district; and fees, assessments, and taxes may be levied and collected within such districts to pay, wholly or partially, the cost of providing such services therein and to construct and maintain facilities therefor. 1983 Ga. Const., Art. IX, Sec. II, Par. VI.

Under the authority of this provision, the General Assembly created 159 special districts, each of which encompassed one county, less any portion of that county in which a municipality levied a hotel/motel tax. OCGA § 48-13-50.1. Within such special district, the county was permitted to levy a tax on public accommodations. Depending upon the amount of the levy, the county was required to expend certain percentages of the resulting tax revenue on the promotion of tourism, support of a trade show facility, etc. The statute does not set forth how the county may spend the remaining portion of the revenue. OCGA § 48-13-51.

## Constitutionality of the Act

1. The tax-protestors, who are Youngblood, Foster, and Boykin, contend that the Act violates the special district clause because it does not require the portion of the revenue remaining after promotion of tourism expenditures to be spent on local government services within the district. This contention is without merit because the constitution expressly limits the expenditures and because there is nothing in the record to indicate the tax revenue will be expended unconstitutionally. *Brown v. Wright*, 231 Ga. 686, 690 (203 SE2d 487) (1974).

2. The tax-protestors argue that the Act is unconstitutional in that implementation of taxes pursuant to it would lead to varying tax rates on similarly situated businesses within a county for a benefit for the whole county. For example, if a seven percent tax were levied within the special district, the tax rate on public accommodations in Fulton County would range from three percent to seven percent. The tax-protestors contend that this violates the uniformity requirements of the state constitution and due process and equal protection guarantees of the state and federal constitutions.

The Uniformity Clause provides in part that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." 1983 Ga. Const., Art. VII, Sec. I, Par. III (a). Thus, if the taxing authority were the county or the state, this taxing scheme would likely violate the Uniformity Clause. See *Fulton County v. Lockhart*, 202 Ga. 878 (2) (45 SE2d 220) (1947). The hotel/motel tax is not a state tax as the Act does not require the municipalities or special districts to levy the tax nor are the revenues paid into the state general fund. *City of Augusta v. Mangelly*, 243 Ga. 358, 360 (254 SE2d 315) (1979). It is not a county tax either because under the provisions of OCGA § 48-13-51 (a) (1), the county only levies the tax as an agent for the special district which has no separate governing authority. Therefore, so long as the tax rate is uniform within the district or municipality, there is no violation of the Uniformity Clause.

The tax-protestors argue that the Act violates state and federal constitutional due process and equal protection guarantees because providers of public accommodations within the district are being taxed to provide a service that those outside of the district, including the remainder of the county, will benefit from. As was held in Division 1 of this opinion, the Special District Clause of the constitution limits the expenditure of revenue derived from the special district tax to the provision of local governmental services within the special district. 1983 Ga. Const., Art. IX, Sec. II, Par. VI. Thus, those paying the tax will receive the benefits of that burden. The fact that others may

consequently benefit without having paid any tax does not render the Act violative of state and federal constitutional due process and equal protection guarantees. See *Taylor County v. Cooper,* 245 Ga. 251, 256-57 (264 SE2d 193) (1980).

Furthermore, that the Act taxes only providers of public accommodations does not violate the Uniformity Clause or the equal protection guarantees of the state and federal constitutions. The legislature may classify subjects for taxation in any manner so long as the classification is not arbitrary or capricious. We hold that the taxation of the provision of public accommodations in this instance is not arbitrary as these are businesses that will directly benefit from an increase in tourism and the provision of local government services within the district. See *Lake Lanier Theaters v. Hall County,* 229 Ga. 54, 55-56 (189 SE2d 439) (1972).

3. (a) Youngblood contends that the Act violates the Commerce Clause of the U. S. Constitution because it would tax individuals in interstate travel. This argument is without merit. The Act does not impermissibly burden interstate commerce because the Act imposes an equal tax on residents of the state as well as nonresidents. See *State of Ga. v. Private Truck Council of America,* 258 Ga. 531, 532-33 (371 SE2d 378) (1988).

(b) Youngblood next argues that OCGA § 48-13-51 (a) (5) violates the Abridged Powers Clause, 1983 Ga. Const., Art. III, Sec. VI, Par. III, in that it purports to prevent the state from diminishing or impairing a special district's or municipality's ability to assess a hotel/motel tax of seven percent. OCGA § 48-13-51 (a) (5) merely makes clear that once the courts have validated a bond issue and the bonds have been issued, the state cannot impair the contract between the issuer and the bondholder. See *Charlton Dev. Auth. v. Charlton County,* 253 Ga. 208, 209 (317 SE2d 204) (1984); cf. *Gas Light Co. of Columbus v. Town of Bibb City,* 253 Ga. 498 (322 SE2d 250) (1984).

*The Stadium Funding Agreement*

4. The Geo. L. Smith II Georgia World Congress Center Authority, Fulton County, and the City of Atlanta have entered into a "Stadium Funding Agreement" as purportedly contemplated in OCGA § 48-13-51 (a) (5). Youngblood contends that the Stadium Funding Agreement creates a debt of the special district which the Special District Debt Clause, 1983 Ga. Const., Art. IX, Sec. V, Par. II, prohibits absent the approval of the voters of the special district. As there has been no referendum, Youngblood argues, Fulton County cannot enter into the agreement with the Authority whereby the county pledges a portion of its tax revenues.

In *Nations v. Downtown Dev. Auth.,* 256 Ga. 158 (345 SE2d 581)

(1986), this Court held that the Intergovernmental Contracts Clause, 1983 Ga. Const., Art. IX, Sec. III, Par. I, carves out exceptions to limitations on governmental powers. The threshold issue is whether the agreement between the county, the authority, and the City of Atlanta is a contract authorized by the Intergovernmental Contracts Clause. Id. at 160. Youngblood and Foster contend that it is not because the county is contracting to provide a domed facility for recreational use and benefit of the citizens of the special district although the facility will be located outside of the district.

The Special District Clause permits taxation in special districts to fund "the cost of providing [local government] *services therein* and to construct and maintain *facilities therefor.*" 1983 Ga. Const., Art. IX, Sec. II, Par. VI. (Emphasis supplied.) There is no dispute that the proposed dome should cause an increase in tourism within the special district. The promotion of tourism within the district is a local government service in that the local government is providing a benefit directly to the local community without necessarily intending for the whole state to benefit. The actual location of any facility used to provide the service is not significant under the Special District Clause so long as there is a reasonable basis for determining that it does provide the service.

Therefore, as this is a contract the Intergovernmental Contract Clause authorizes, the pledge of tax revenue is not a debt the Special District Debt Clause limits. See *Nations*, 256 Ga. at 160. We note that we expressly limit this holding to the facts and circumstances of this appeal. Although this opinion finally adjudicates the validity of the bonds and the manner of their funding through tax revenues, it in no way reaches or determines any issue relating to the expenditure of income from the operation of the proposed stadium.

5. The remaining enumerations of error concerning the Stadium Funding Agreement are without merit.

### Bond Validation

6. Foster argues that the notice provisions of OCGA §§ 36-82-76; 36-82-77 (a) are insufficient to meet the requirements of due process. Due process requires that notice be given in a way calculated to allow interested parties to protect their rights. See *Hollis v. Tanner*, 177 Ga. App. 759, 761 (341 SE2d 290) (1986). Notice in this instance was sufficient to permit the tax-protestors to intervene successfully and to present their arguments. Thus, due process was not violated.

### Harris County

7. The remaining enumerations involve Harris County's ordinance implementing the hotel/motel tax. Given this Court's determi-

nation that the Act is constitutional and given the interlocutory nature of the appeal, we remand for further proceedings on the validity of the ordinance.

*Judgments affirmed in Case Nos. S90A0497 and S90A0512. Judgment reversed and remanded in Case No. S90A0499. All the Justices concur.*

DECIDED FEBRUARY 15, 1990 —
RECONSIDERATIONS DENIED MARCH 8, 1990.

*L. O. Buckland,* for appellants (case nos. S90A0497 and S90A0512).

*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, David A. Runnion, Senior Assistant Attorney General, Lucy T. Sheftall, Assistant Attorney General, King & Spalding, Robert L. Steed, Nolan C. Leake, Marshall R. Jones,* for appellees.

OCGA § 48-13-50 et seq.; constitutional question. Harris Superior Court. Before Judge Langford, Senior Judge.

*Champion & Champion, Forrest L. Champion, Jr., W. Ken Askew,* for appellant (case no. S90A0499).

*Chilivis & Grindler, Nickolas P. Chilivis, John K. Larkins, Jr., David B. Poythress,* for appellees.