53487. WILSON v. DARNELL et al.

DEEN, Presiding Judge.

1. The plaintiff Wilson filed an action in the State Court of DeKalb County against Larry Darnell, a resident of DeKalb County, and Marsha Darnell, a resident of Cobb County, alleging that he was employed by Marsha on December 17, 1975, to file a divorce action against the co-defendant, and dismissed as her attorney on February 19, 1976; that she had agreed to pay him $300 of which only $150 was paid; that she further agreed that any attorney fees awarded him by the court would be additional thereto. The trial court sustained the former husband's motion to dismiss the case as to him for failure to state a claim, and then dismissed the wife as a party defendant for lack of jurisdiction. Based solely on the facts above stated the dismissals would be proper. The

complaint contends only that plaintiff represented the wife in a divorce action; this alone does not entitle him to recover the value of his endeavor from the husband since "[t]he general rule is that fees for services rendered by an attorney must be paid by the person who employs him. . ." *Harrison v. Harrison,* 208 Ga. 70 (1) (65 SE2d 173).

2. The appellant in his brief contends that since Darnell's motion to dismiss had attached to it an affidavit and other evidence which was considered by the court, the proper judgment in this case would not be dismissal but summary judgment. We are inclined to agree, but this view of the case is lethal to the plaintiff's position. Whereas there was one allegation in his petition not heretofore dealt with ("Plaintiff avers that in the divorce case between the defendants, Larry Darnell was ordered to pay $500 to plaintiff's attorney") the exhibits included in the record show an order of the judge who presided over the divorce action dated March 5, 1976 (the day the divorce decree was signed and prior to the filing of the complaint in this case) *denying* Wilson's motion for fees in the divorce suit, and also a copy of an order dated February 5, 1976, vacating the original $500 attorney fee order mentioned in the complaint. These orders can only be awarded against the husband as a part of a temporary alimony decree. *Hagstrom v. Hagstrom,* 235 Ga. 853 (221 SE2d 602). Apparently no temporary alimony was awarded in the divorce case; in any event, the record here affirmatively shows that the divorce court considered and rejected the attorney's contention that he was entitled to an additional attorney fee to be paid by the husband.

It would serve no purpose to reverse and remand the case with direction that summary judgment for the defendant be entered rather than a dismissal of the plaintiff's claim. Since either resolution of the case also eliminates the nonresident co-defendant, the judgments are affirmed.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED FEBRUARY 24, 1977.

J. E. Wilson, *pro se.*
*Joe L. Anderson,* for appellees.
Marsha Darnell, *pro se.*