## 67454. HAMMER CLINIC P. C. v. CRAWLEY.

BIRDSONG, Judge.

This was a suit on account in which the defendant Charles Crawley answered all pleadings with the affirmative defense that he is a resident of Oklahoma and not subject to the jurisdiction of the Georgia court. Ultimately, Crawley moved for summary judgment and presented his affidavit attesting that he is a resident of and domiciled in Oklahoma. Hammer presented no opposing affidavits or evidence. Following a hearing, the trial court granted summary judgment to Crawley. The sole issue raised on appeal is whether summary judgment is a proper vehicle for resolution of a plea to jurisdiction. *Held:*

Appellant Hammer Clinic contends that "The defenses enumerated in [OCGA § 9-11-12b (Code Ann. § 81A-112)], except (6), failure to state a claim upon which relief can be granted, are matters in abatement that are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement." *Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833, 834 (182 SE2d 693). See also *Williamson v. Perret's Farms,* 128 Ga. App. 687 (197 SE2d 754); *Hemphill v. Con-Chem,* 128 Ga. App. 590 (197 SE2d 457); and *Boyd Motors v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291). Appellant contends the proper procedure would be a motion to dismiss.

All of these cases cited by appellant are distinguishable on their procedural facts; but in any case we find their rationale too rigid to be applied to this case. *Lamex v. Sterling Extruder Corp.,* 109 Ga. App. 92, 93 (135 SE2d 445) is a case directly on point. To the precise question posed here, we held: "The tenor of our summary judgment procedure is that it deals with the merits of an issue; and that if granted in favor of a claimant it affirmatively adjudges the merits of the claim, and if in favor of the defendant the judgment is in bar and not in abatement. Because of the general tendency to view a summary judgment in that fashion, we wish to make it clear that we do not

accept the motion before us as being one for a summary judgment in the common sense nor do we consider the judgment on the motion rendered by the trial court as the grant in that perception of a motion for summary judgment. Although each of the parties and their counsel, together with the trial judge, seem to call the thing a motion for summary judgment, we are not at all interested in its nomenclature but accept it for what we think it is, i.e., a motion by whatever appellation called which is sufficent in its substance to have brought into the hearing on it the clear-cut issue raised by the plea to the jurisdiction and that issue only. Therefore, both the judgment of the trial court and the judgment of affirmance of that judgment by this court only adjudicate the one point that the defendant is not doing business in Georgia and for that reason is not subject to the jurisdiction of the courts of our State." See also *Lott v. Liberty Mut. Ins. Co.,* 154 Ga. App. 474 (1) (268 SE2d 686) and *Hart v. DeLowe Partners,* 147 Ga. App. 715 (1) (250 SE2d 169).

The trial court's grant of summary judgment for lack of jurisdiction was not inconsistent with the spirit of the Civil Practice Act, which seeks to uphold substance. See esp. *Wilson v. Darnell,* 141 Ga. App. 397, 398 (233 SE2d 490), where the converse contention was made, that is, that where a motion to dismiss was proved by affidavit and evidence dehors the record, the trial court should have granted summary judgment and erred in granting a "dismissal." There we were "inclined to agree" that summary judgment was the proper remedy, but said further that it made no real difference what the resolution was called, since whatever the nomenclature the nonresident defendant was eliminated by judgment.

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 16, 1984.

*Margaret Jo Reilly,* for appellant.
*H. Patterson Garner,* for appellee.