A05A1512. CHERRY v. MORETON ROLLESTON, JR. LIVING TRUST et al.
(616 SE2d 157)

JOHNSON, Presiding Judge.

John Randolph Cherry, as executor of the estate of Rebecca Wight Cherry Sims, appeals the trial court's order vacating in part the trial court's previous orders in an action by Moreton Rolleston, Jr. and Moreton Rolleston, Jr. Living Trust against Jacquelyn Barrett, as Sheriff of Fulton County. We reverse because the trial court's modification of its previous order was made after the term of the court in which it was entered, was not the correction of a clerical mistake, and was not otherwise challenged in a manner permitted by OCGA § 9-11-60.

---

The record shows that Rolleston and the Rolleston trust sued Barrett seeking a temporary restraining order and temporary and permanent injunction prohibiting Barrett, as the Sheriff of Fulton County, from executing writs of fieri facias on certain property described in the complaint (the "Rolleston property"). The Sims estate, through Cherry, as executor, moved to intervene on the grounds that it had an interest in the Rolleston property through a previous judgment against Rolleston. On May 5, 2003 and May 19, 2003,[1] the trial court entered orders denying the Rolleston plaintiffs' motion for a temporary restraining order and granting the Sims estate's motions to intervene and for declaratory judgment and injunctive relief. In particular, the trial court ordered the Fulton County Sheriff to proceed with an advertised sale of the Rolleston property on May 6, 2003, notwithstanding that it had been shown at the May 5, 2003 hearing on the Sims estate's motions that the United States Marshal had also advertised the property for sale on May 6, 2003 to satisfy a judgment against Rolleston by Tunnelite, Inc.[2]

On January 6, 2005, Robert C. Koski, the President and CEO of Tunnelite, wrote a letter to the trial court in which he contended that the trial court had entered certain findings of fact and law in its May 2003 orders which were both erroneous and adverse to the interests of Tunnelite, a nonparty. In particular, Koski objected to the trial court's finding that the Rolleston property "has been in custodia legis of the Fulton County Sheriff continuously since [July 1, 2002] and is immune to process from the federal court." Koski claimed that the Sims estate had relied on these findings in separate litigation contesting Tunnelite's right to collect funds it had recovered on its writ of execution with respect to the Rolleston property despite this court's finding in *Tunnelite, Inc. v. Estate of Sims*[3] that Tunnelite's lien had priority over the lien of the Sims estate. Koski further admitted that Tunnelite, as a nonparty, had no standing to directly request the orders be corrected. He asked that the trial court either withdraw the May 2003 orders as improvidently granted or to amend them sua sponte.

---

[1] The order entered on May 19, 2003 was signed by the trial court on May 14, 2003, nunc pro tunc May 5, 2003, and is sometimes referred to by the parties and the trial court as the May 14, 2003 order.

[2] Tunnelite, Inc., Robert Koski, and Sandlease/Coasthouse Joint Venture have filed a motion in this court to intervene as of right in this case. As this is a matter for the trial court, we deny their motion to intervene. See *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 958 (3) (216 SE2d 897) (1975) (whether intervention application is timely and the showing sufficient is within the sound discretion of the trial court). Although Tunnelite, Inc. sometimes appears in the record as an intervenor in the style of this case, Cherry and Tunnelite agree that Tunnelite was never a party to the action.

[3] 266 Ga. App. 476 (597 SE2d 555) (2004).

On February 28, 2005, the trial court, referring to Koski's previous correspondence as a request to set aside by Tunnelite, determined that its May 2003 orders had contained factual and legal findings adverse to Tunnelite and had the effect of granting relief against a party over whom the court did not have jurisdiction. The trial court then vacated the May 2003 orders to the extent they found the Rolleston property to have been in custodia legis of the Fulton County sheriff and immune to process by the federal court.

Cherry has appealed the February 28, 2005 order, contending that the trial court erred in vacating its May 2003 orders because the statutory requirements for setting aside a judgment pursuant to OCGA § 9-11-60 were not met.[4] We agree.

OCGA § 9-11-60 (a) states: "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." OCGA § 9-11-60 provides the exclusive means for attacking a judgment.[5] Setting aside the question of whether Koski's letter to the trial court may be considered an attack in "court" contemplated by OCGA § 9-11-60 (a), the May 2003 orders are not void on their face. "[T]he Supreme Court has expressly limited judgments void on their faces under [OCGA § 9-11-60 (a)] to those judgments which lack either personal or subject matter jurisdiction."[6] The trial court had personal jurisdiction over the parties to the case, and the action was within the class of cases subject to the trial court's jurisdiction.[7] Tunnelite was a nonparty over which the trial court had no jurisdiction, but the factual findings and legal conclusions contained in the May 2003 orders are not conclusive as to Tunnelite.[8] As the May 2003 orders

---

[4] Cherry has also filed motions both to supplement the record and to exclude certain exhibits from the record. Cherry's motion to supplement is moot because the record has been supplemented with the requested material. The exhibits which Cherry has moved to exclude are attached to a transcript of a December 21, 2004 hearing before the trial court in a related civil action. The trial court refers to this hearing in its February 28, 2005 order, and Cherry requested the transcript be transmitted to this court as part of the record. Inasmuch as the exhibits appear to have been submitted to the trial court at the December 21, 2004 hearing, we conclude the clerk properly included the exhibits in the transcript record transmitted to this court. Cherry's motion to exclude is denied.

[5] *Henry v. Adair Realty Co.*, 141 Ga. App. 182, 184 (3) (233 SE2d 39) (1977).

[6] (Citation and punctuation omitted.) *Utica Mut. Ins. Co. v. Mitchell*, 227 Ga. App. 830, 831-832 (490 SE2d 489) (1997).

[7] *Nicholson v. State*, 261 Ga. 197, 199 (4) (403 SE2d 42) (1991) (jurisdiction of the subject matter does not mean simply jurisdiction of the case before the court, but jurisdiction of the class of cases to which that particular case belongs).

[8] See *Colodny v. Krause*, 141 Ga. App. 134, 135 (1) (232 SE2d 597) (1977) ("A judgment is not conclusive as to one who was not a party to the proceeding in which it was rendered, nor as to one over whom the court acquired no jurisdiction. . . .") (citations and punctuation omitted). Compare OCGA § 9-12-40.

were not void on their face, the orders were only subject to attack through motion in the court of rendition.[9]

Although the trial court found good cause to set aside the May 2003 orders under authority of OCGA § 9-11-60 (d), motions to set aside under this subsection must be brought by a party to the action and upon reasonable notice to the other parties.[10] Consistent with these requirements, Koski did not purport to make a motion to set aside on behalf of Tunnelite in his correspondence to the trial court, but instead asked the trial court to act on its own initiative. Cherry did not receive notice, as contemplated by OCGA § 9-11-60 (f), that the May 2003 judgments were being challenged in court through a motion to set aside, but only copies of correspondence which had not then been filed of record and in which the writer expressly states that "as a non-party, Tunnelite has no standing to make . . . a request [to petition for the correction of the May 2003 orders]." Accordingly, the trial court had no grounds to consider Koski's correspondence to be a motion to set aside under OCGA § 9-11-60 (d) and to enter its judgment on that basis, but could only act consistent with its inherent power to modify or amend its judgment.

The trial court has the inherent power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify, or vacate the judgment.[11] "[T]his authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court."[12] The May 2003 orders were not modified within the term of court in which they were rendered or pursuant to a party's request made during that term.[13] The trial court also has the power to correct a clerical error in its order at any time on its own initiative and upon such notice, if any, as the trial court orders.[14] For this purpose, a clerical mistake may be corrected if it is obvious from the face of the record or if, following a hearing, the evidence compels the conclusion that the error or omission was clerical in nature.[15]

---

[9] See OCGA § 9-11-60 (b). See also *Moore v. Mack*, 266 Ga. App. 847, 852 (1) (d) (598 SE2d 525) (2004).

[10] See OCGA § 9-11-60 (f). See also *The Bootery, Inc. v. Cumberland Creek Properties*, 271 Ga. 271, 274 (4) (517 SE2d 68) (1999) (OCGA § 9-11-60 (d) does not authorize a nonparty to bring a motion to set aside).

[11] *Kirkley v. Jones*, 250 Ga. App. 113, 114-115 (1) (550 SE2d 686) (2001).

[12] *Andrew L. Parks, Inc. v. SunTrust Bank &c.*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001).

[13] The Superior Court of Fulton County has six two-month terms of court each year, with a new term beginning on the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (3).

[14] OCGA § 9-11-60 (g).

[15] *Cagle v. Dixon*, 234 Ga. 698, 700 (217 SE2d 598) (1975).

We are unable to conclude that the trial court's vacation in part of the May 2003 orders was a correction of a clerical error. The trial court indicated in its February 28, 2005 order that it had intended to include "certain provisions designed to reasonably safeguard Tunnelite's interests" in the May 2003 orders, but that the May 2003 orders, which were prepared for the trial court by counsel for the Sims estate, failed to include these provisions. However, it is not obvious from the record that these provisions, undefined by the February 28, 2005 order, were omitted through clerical error, and no hearing was held on the issue of clerical omission. Furthermore, the February 28, 2005 order does not purport to be a correction of a clerical error but a setting aside of the May 2003 orders under authority of OCGA § 9-11-60 (d). Accordingly, we find that the trial court did not act to correct a clerical error, and as it was otherwise without authority to modify the May 2003 orders, the February 28, 2005 order is void.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2005.

*Shelby A. Outlaw*, for appellant.
*Moreton Rolleston, Jr.*, for appellees.