A07A2282. THE LEVIN COMPANY, INC. v. WALKER et al.

(656 SE2d 588)

SMITH, Presiding Judge.

We granted The Levin Company, Inc.'s (Levin's) application for interlocutory review of the trial court's order granting Karen Walker and Darryl Poole's motion for reconsideration. Because the trial court was without authority to modify or vacate a judgment entered in a previous term of court, we reverse.

This action arose as a suit on account by PYA/Monarch, Inc. (Monarch). Monarch sued Levin for material supplied to a daycare business formerly run by Levin. Levin answered, contending that he was not indebted to Monarch because he had sold the daycare. Levin then filed a third-party claim against Walker and Poole, the new owners of the daycare, and the case was set for a trial on March 17, 2004.[1] Levin's third-party claim against Walker and Poole also included expenses Levin claimed were owed to him, as well as a claim for breach of the daycare purchase agreement. When Walker and Poole failed to appear for trial, the court entered a default judgment in favor of Levin in the amount of $161,073.88.

On July 19, 2004, Walker and Poole filed a "Motion to Set Aside Judgment or in the Alternative Motion to Correct Clerical Error," pursuant to OCGA § 9-11-60 (d) (2) and (g), contending that they did not receive notice of the March 17 hearing. Walker and Poole's counsel apparently submitted a change of address to the trial court, but the notice of the March 17 hearing was sent to counsel's old mailing address.

On May 16, 2006, when neither Walker, Poole, nor their counsel appeared for the hearing on the motion to set aside, the trial court dismissed the motion for want of prosecution. On January 23, 2007, more than eight months following the dismissal of the motion to set aside, Walker and Poole filed a motion for reconsideration seeking to have that dismissal vacated. In the motion for reconsideration, Walker and Poole's counsel claimed that when he arrived for the May 16 hearing, the courtroom was locked and that he was unable to get any information from court personnel.[2] Counsel also claimed that he did not become aware that the motion to set aside had been dismissed

---

[1] Monarch is no longer a party to the lawsuit as it subsequently dismissed its claims against Levin.

[2] Levin's counsel apparently had no difficulty gaining access to the courtroom and was present for the hearing.

until January 22, 2007.[3] On February 21, 2007, following a hearing, the trial court granted the motion for reconsideration. Levin appeals.

It is well settled that

> [a]lthough a trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, . . . this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court.

(Citations omitted.) *Tanaka v. Pecqueur*, 268 Ga. App. 380, 381-382 (1) (601 SE2d 830) (2004); see *Cherry v. Moreton Rolleston, Jr. Living Trust*, 273 Ga. App. 876, 879 (616 SE2d 157) (2005). The judgment at issue here, the dismissal of Walker and Poole's motion to set aside, was filed in May 2006. The motion to modify that judgment, Walker and Poole's motion for reconsideration, was filed on January 23, 2007, four terms after the motion to set aside was dismissed.[4] The trial court's February 2007 order granting Walker and Poole's motion for reconsideration, was also filed four terms after the motion to set aside was dismissed.

Under these circumstances, the trial court was without authority to grant Walker and Poole's motion for reconsideration seeking to vacate or modify the May 2006 dismissal of their motion to set aside, and the February 21, 2007 order is void.[5] See *Cherry*, supra, 273 Ga. App. at 880; *Tanaka*, supra, 268 Ga. App. at 382 (1).

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED JANUARY 24, 2008

*Berman, Fink & Van Horn, Charles H. Van Horn, Steven A. Wagner*, for appellant.

---

[3] Counsel offered no explanation of his apparent failure to check on the status of the motion to set aside to determine whether the hearing actually took place and whether a ruling was made on the motion.

[4] The State Court of Fulton County has six terms of court which commence on the first Monday of January, March, May, July, September, and November. See OCGA § 15-7-40; see also Ga. L. 1983, p. 4501, § 1.

[5] Walker and Poole argue that Levin has waived his right to challenge the timeliness of the trial court's reconsideration of their motion to set aside, because he failed to raise that argument below. It is not necessary, however, "that the certain illegality which renders this judgment void, be raised below or else be waived, for the judgment is a nullity in the first place and cannot be relied upon." (Citations omitted.) *Griffith v. Brooks*, 193 Ga. App. 762, 765 (1) (389 SE2d 246) (1989).

*Zachary & Segraves, Kenneth L. Levy*, for appellees.