A11A0893. MIRANDA et al. v. STEWART.
(718 SE2d 123)

SMITH, Presiding Judge.

Olga Maria Miranda and Luz Sulay Solano Monge appeal from the trial court's order denying their motion to set aside the dismissal of their case for failure to respond to discovery. Because the trial court erred in holding that it could not set aside the judgment outside the term of court in which it was entered, we vacate the order denying the motion to set aside and remand for further proceedings consistent with this opinion.

In July 2006, Miranda and Solano filed suit against appellee

---

Aaron Stewart, seeking damages for personal injuries arising out of an automobile accident in August 2004. With his answer, Stewart served interrogatories and requests for production.

On February 5, 2007, appellee filed a motion to compel, alleging that appellants had failed to respond to discovery or request an extension of time to respond. Appellants did not respond to the motion. On February 12, 2007, the trial court entered an order granting the motion to compel. This order gave appellants ten days to respond to the discovery. On February 26, 2007, discovery was extended for two months by consent order, but appellants still did not respond to the discovery requests. On March 16, 2007, appellee moved for sanctions for failure to comply with the February 12 order. On March 26, 2007, the trial court granted the motion for sanctions and dismissed appellants' complaint.

On June 29, 2009, almost two years after entry of the order of dismissal, appellants filed a motion to set aside the order, alleging only that the trial court had failed to afford them a hearing on the motion. The same day, the trial court granted the motion to set aside. But appellee filed a response to the motion to set aside, objecting that the order should not be set aside because appellants had shown no reason for their complete failure to respond and in fact had failed to file any response to appellee's discovery with their motion. The trial court then entered a second order on August 3, 2009, denying appellants' motion to set aside the order for sanctions.

Over a year later, on August 6, 2010, appellants filed another brief in support of their motion to set aside, asserting for the first time that they had failed to receive notice of the trial court's dismissal order. The trial court denied the motion to set aside on the ground that the term in which the March 26, 2007 order of dismissal was entered had expired and it therefore had no jurisdiction over the issue. This appeal followed.

The trial court erred in concluding that a motion to set aside a judgment under OCGA § 9-11-60 must be filed within the same term of court in which the judgment complained of was entered.

> Under our law, a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered, and a court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. Once that term of court has ended, however, a judgment may only be set aside under the procedures in OCGA § 9-11-60 (d).

(Citations omitted.) *First Baptist Church &c. v. King*, 208 Ga. App. 250, 251 (1) (430 SE2d 635) (1993). See also *Piggly Wiggly Southern*

*v. McCook*, 216 Ga. App. 335, 336 (1) (454 SE2d 203) (1995) (contrasting limited power to rule on post-term motions under Rule 60 with inherent discretion to set aside judgment during same term of court). Under OCGA § 9-11-60 (f), a motion to set aside a judgment may be brought within three years in most circumstances, and under OCGA § 9-11-60 (g) a motion to correct a clerical mistake may be brought "at any time."

*Levin Co. v. Walker*, 289 Ga. App. 299 (656 SE2d 588) (2008), relied upon by the trial court, is inapposite here, as it did not address the denial of a motion to set aside a judgment under Rule 60, but the erroneous grant of a motion for reconsideration filed four terms after entry of the order complained of. Id. at 299-300. "A motion for reconsideration filed within the term of court that a judgment is entered extends the authority of a trial judge to modify its judgment after the term expires; however, such a motion filed after the term in which it was entered, as here, does not, [and] such authority is then lost." (Citation, punctuation and footnote omitted.) *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004).

This case, in contrast, turns on a narrow and specific point of law: the procedure to be followed when a party files a motion to set aside under OCGA § 9-11-60 (g) to correct a trial court's failure to provide a losing party with notice of a judgment as required by OCGA § 15-6-21 (c).

> Ordinarily, the losing party must pursue his appeal in a timely manner as required by the Appellate Practice Act. But where no notice is sent by the trial court or by the clerk to the losing party, this court holds that an action may be brought under Code Ann. § 81A-160 (g) [now OCGA § 9-11-60 (g)] to set aside the earlier judgment; and upon a finding that notice was not provided as required by Code Ann. § 24-2620 [now OCGA § 15-6-21], the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry. Of course, where notice was sent and received, and the trial judge so finds, he should refuse to set aside the earlier judgment.

*Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

> The holding in *Cambron* serves to correct the prejudice caused by a trial court's error in failing to notify the losing party of the judgment. Nothing in *Cambron* allows the court to set aside the judgment and then proceed as if no

judgment had ever been entered. Rather, *Cambron* requires that the trial court *re-enter* the judgment at issue.

*Vangoosen v. Bohannon*, 236 Ga. App. 361, 362 (1) (511 SE2d 925) (1999).

We expressly do not reach the merits of the motion to set aside the judgment of March 26, 2007. Nor do we reach the merits of the underlying judgment and the sanction of dismissal imposed by the trial court. We simply vacate the trial court's ruling that it had no jurisdiction to consider appellants' motion to set aside the judgment because of expiration of the term of court, and we remand the case to the trial court for further proceedings consistent with OCGA § 9-11-60 (g) and *Cambron*.

*Judgment vacated and case remanded. Mikell and Dillard, JJ., concur.*

DECIDED OCTOBER 28, 2011.

*Paul V. Balducci*, for appellants.
*Charles C. Mayers*, for appellee.