# Court of Appeals
# of the State of Georgia

ATLANTA, September 11, 201

*The Court of Appeals hereby passes the following order:*

**A12D0502.  MARION SCOTT LASETER v. DEPARTMENT OF HUMAN RESOURCES.**

Marion Scott Laseter filed this application for discretionary appeal seeking to challenge a superior court order holding him in contempt for failure to pay child support.  Laseter has not, however, provided a copy of the order he seeks to appeal.  According to Laseter, he did not receive a copy of the order prior to being incarcerated.

Pursuant to OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (b), an application for discretionary review must include a copy of the order being appealed.  In the absence of the appealable order, we are unable to assume jurisdiction.  See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith").  Accordingly, we are unable to consider the merits of Laseter's application for discretionary appeal, which is hereby DISMISSED.

We note, however, that the trial court was required to provide Laseter notice of its ruling.  See OCGA § 15-6-21 (c); *Miranda v. Stewart*, 312 Ga. App. 290, 292 (718 SE2d 123) (2011).  If Laseter's right to seek appellate review was frustrated due to the trial court's failure to send him a copy of the order, his remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. See id.; *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). The re-entry of the order will begin anew the time for seeking appellate review.  See *Cambron*, supra.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 09/11/2012
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*