**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 19, 2014**

# In the Court of Appeals of Georgia

A14A0196. FED v. BUTLER et al.

ANDREWS, Presiding Judge.

We granted Eric S. Fed's application for discretionary appeal to review an order by the Superior Court of Fulton County dismissing Fed's petition for judicial review of an administrative decision by the Georgia Department of Labor. Because the superior court incorrectly dismissed Fed's petition for lack of jurisdiction, we vacate the superior court's order of dismissal and remand for further proceedings.

Fed was employed by ADP Total Source and was subcontracted to Salvadorini Consulting, Inc. In that capacity, Fed began working as an MRI technologist assistant at the Carl Vinson Veterans Affairs Medical Center in Laurens County on October 1, 2012. On October 29, 2012, Fed and his immediate supervisor, Lisa Gillet, became involved in a verbal exchange which resulted in business owner David Salvadorini

placing Fed on paid administrative leave. On October 31, 2012, Salvadorini terminated Fed's employment. Fed filed a claim for unemployment benefits, which were awarded. ADP, as Fed's employer, appealed to the judicial review board of the Department of Labor, which ruled in favor of ADP and terminated Fed's unemployment benefits. Fed appealed to the superior court pursuant to OCGA § 34-8-223 (b), and the superior court dismissed Fed's appeal for lack of jurisdiction because it concluded that Fed "was last employed in Laurens County, Georgia" and that Fulton County "is therefore not the proper court for the appeal."

1. Fed argues that the superior court improperly dismissed his petition for lack of jurisdiction because it concluded Fed was last employed in Laurens County rather than Fulton County.[1] We agree.

OCGA § 34-8-223 (b) provides that, within 15 days of a decision by the Department's board of review, an aggrieved party may seek judicial review "by filing a petition against the Commissioner in the superior court of the county where the

---

[1] We note that the appellee, despite our April 4, 2014 order to the contrary, has not filed an appellee's brief as required by our Rule 23 (b) ("Appellee's brief shall be filed within 40 days after the appeal is docketed or 20 days after the filing of appellant's brief, whichever is later. Failure to timely file . . . may subject counsel to contempt.") (emphasis added).

2

employee was last employed."[2] In this case, evidence revealed that Fed was a contractual employee of ADP Total Source and had been subcontracted to Salvadorini Consulting. Because the actual employment contract was with ADP, which maintains a principal place of business in Fulton County, venue for Fed's petition for judicial review lay properly in Fulton County. Accordingly, Fed properly filed his petition in the Superior Court of Fulton County.

We note that the record includes a motion for reconsideration by Fed filed after the term of court at which the superior court entered its original order. In addition, the record includes the superior court's order on Fed's motion in which it purports to reinstate, and rule upon the merits of, Fed's petition for judicial review. However, the superior court's second order is a nullity.

It is well settled that

---

[2] We conclude that this provision of law, rather than OCGA § 50-13-19 (b), governs our inquiry. OCGA § 50-13-19, which as part of the Georgia Administrative Procedure Act applies to the judicial review of administrative decisions by the Department of Labor, see OCGA § 50-13-2 (1), provides that a petition for judicial review "may be filed in the Superior Court of Fulton County or in the superior court of the county of residence of the petitioner" within 30 days of the agency's decision. However, a specific statute applicable to a particular agency may provide for additional procedures. See generally *Hollis v. Tanner*, 177 Ga. App. 759, 761 (1) (341 SE2d 290) (1986).

3

[a]lthough a trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court.

(Citations and punctuation omitted.) *Levin Co. v. Walker*, 289 Ga. App. 299, 300 (656 SE2d 588) (2008). In the same regard,

A motion for reconsideration filed within the term of court that a judgment is entered extends the authority of a trial judge to modify its judgment after the term expires; however, such a motion filed after the term in which it was entered, as here, does not, and such authority is then lost.

(Citations and punctuation omitted.) *Miranda v. Stewart*, 312 Ga. App. 290, 292 (718 SE2d 123) (2011).

In this case, Fed's motion for reconsideration, and the superior court's order concerning Fed's motion, was untimely. The Superior Court of Fulton County has six terms of court that commence the first Monday in January, March, May, July, September, and November. See OCGA § 15-6-3 (3). The superior court entered its order dismissing Fed's petition during the May 2013 term of court; however, Fed's motion for reconsideration was not filed until the first day of the July 2013 term of

4

court. It necessarily follows that the superior court's order on Fed's untimely motion for reconsideration is a nullity. See *Walker*, supra, 289 Ga. App. at 300.

Accordingly, the superior court's order dismissing Fed's petition for judicial review for lack of jurisdiction is vacated. On remand, the superior court is reminded of its companion duties pursuant to OCGA §§ 34-8-223 (b) and 50-13-19 (g), (h).[3] See, e.g., *Barron v. Poythress*, 219 Ga. App. 775, 776 (466 SE2d 665) (1996).

2. Because we vacate the superior court's order on the issue of jurisdiction, we need not address Fed's remaining claim of error.

*Judgment vacated and case remanded. McFadden and Ray, JJ., concur.*

---

[3] "The court, upon request, shall hear oral argument and receive written briefs." OCGA § 50-13-19 (g).