**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 2, 2023**

# In the Court of Appeals of Georgia

A23A0721. COLCLOUGH v. GEORGIA DEPARTMENT OF HUMAN SERVICES et al.

PHIPPS, Senior Appellate Judge.

Sabrina Colclough, the mother of minor child K. C., appeals from a DeKalb County Superior Court order finding that the child's father, Gregory Weaver, is entitled to an overpayment credit of his child support obligations based on payments made directly to the child by the U. S. Department of Veterans Affairs ("VA"). She contends that: (i) the trial court lacked authority to grant that relief because it was sought in a motion for reconsideration filed after the expiration of the term of court in which a prior child support order was entered; and (ii) the trial court erred by concluding that the VA payments received by K. C. resulted in an overpayment to be

credited against Weaver's child support obligations. For the reasons that follow, we affirm but remand this case to the trial court for further proceedings.

The record shows that K. C. was born in 2014. In 2015, the trial court ordered Weaver to pay $287 monthly in child support, beginning in January 2016. The court's order further provided that, if K. C. were to receive "VA derivative benefits," Weaver's monthly obligation "will be offset against those benefits."

The current action began in October 2021, when the Georgia Department of Human Services, Division of Child Support Services ("DHS"), filed a petition seeking to: (i) increase Weaver's child support obligation to $585 monthly due to his increased income; and (ii) impose an additional monthly obligation of $57, to be applied toward Weaver's arrearage of $2,909.81. Neither parent filed objections to the petition. Consequently, in February 2022, the trial court entered a final order modifying Weaver's child support obligation as requested.

In August 2022, DHS filed a "Motion to Reconsider," in which it contended that the February 2022 order had not taken into account payments Colclough (on behalf of K. C.) may have received directly from the VA. Following a hearing on the motion, the trial court entered an amended final order in October 2022 in which it found that, due to Weaver's status as a disabled veteran, K. C. had received $100

monthly in VA benefits since March 1, 2015, for a total of $9,200 as of September 30, 2022. The court further found that Weaver's arrears as of that date totaled $4,716.90 ($4,176.24 of which was owed to Colclough and $540.66 of which was owed to the State). The court therefore applied an offset of $9,200 to Weaver's arrearage to Colclough, as a result of which, the court found, he had overpaid her $5,023.60.[1] We subsequently granted Colclough's application for discretionary review, see *Colclough v. Ga. Dept. of Human Svcs.*, Case No. A23D0115 (Nov. 28, 2022), and this appeal followed.

1. Colclough first contends that the trial court lacked authority to grant DHS's motion for reconsideration because it was filed after the expiration of the term of court in which the February 2022 final order was entered. Because we construe DHS's motion as a motion to set aside under OCGA § 9-11-60 (d), we discern no reversible error.

"[A]lthough a trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such

---

[1] The court committed a minor math error, as $9,200 minus $4,176.24 equals $5,023.76, not $5,023.60. The court did not address how Weaver's credit would be implemented, and we therefore express no opinion on Colclough's claim that the credit may not be applied toward Weaver's future child support obligations. See Division 2, below.

3

judgment, this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court." *Fed v. Butler*, 327 Ga. App. 637, 638 (1) (760 SE2d 642) (2014) (citation and punctuation omitted). Thus, while "a motion for reconsideration filed within the term of court that a judgment is entered extends the authority of a trial judge to modify its judgment after the term expires," a trial court has no authority to do so if the motion to reconsider is filed after that term has ended. Id. (citation and punctuation omitted).

Nevertheless, "pleadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature . . . ." *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997); accord *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in construing pleadings, substance controls over nomenclature); *Hammer Clinic v. Crawley*, 169 Ga. App. 522, 523 (313 SE2d 778) (1984) ("Although each of the parties and their counsel, together with the trial judge, seem to call the thing a motion for summary judgment, we are not at all interested in its nomenclature but accept it for what we think it is . . . ."). And under OCGA § 9-11-60 (b), one also may attack a judgment via a motion for a new trial or a motion to set aside. Here, DHS's motion may not be construed as an ordinary motion for a new trial because it was not filed within 30 days of entry of

4

the trial court's prior order. See OCGA § 5-5-40 (a). Nor may it be construed as an extraordinary motion for a new trial, as DHS did not show that it could not have discovered the VA payments earlier. See *Ford Motor Co. v. Conley*, 294 Ga. 530, 540-541 (2) (757 SE2d 20) (2014) (a party filing an extraordinary motion for a new trial must show that the party "exercised due diligence but, due to circumstances beyond its control, was unable previously to discover the basis for the claim it now asserts"); see also OCGA § 5-5-41 (a).

Whether DHS's motion may be construed as a motion to set aside turns on a trial court's authority to grant such a motion, which depends, in part, on whether the term of court in which the judgment was entered has ended. In that regard,

> a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered, and a court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. Once that term of court has ended, however, a judgment may only be set aside under the procedures in OCGA § 9-11-60 (d).

*Bridgestone/Firestone North American Tire v. Jenkins*, 261 Ga. App. 20, 21 (2) (582 SE2d 9) (2003) (citations and punctuation omitted); accord *Mitchell v. Speering*, 239 Ga. App. 472, 473 (521 SE2d 419) (1999) ("After the expiration of the term of court

5

in which a . . . judgment is entered, the discretion of the court in setting aside the judgment is limited to the criteria set forth in OCGA § 9-11-60.").

The DeKalb County Superior Court terms of court begin on the "[f]irst Monday in January, March, May, July, September, and November." OCGA § 15-6-3 (37). Here, DHS's August 2022 motion to reconsider was filed well after the term of court in which the February 2022 final order was entered. Consequently, the court's authority to set aside the February 2022 order was limited to the grounds listed in OCGA § 9-11-60 (d). See *Bridgestone/Firestone*, 261 Ga. App. at 21 (2).

OCGA § 9-11-60 (d) authorizes a trial court to set aside its judgment on three limited bases:

(1) Lack of jurisdiction over the person or the subject matter;

(2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

This Court reviews a trial court's ruling on an OCGA § 9-11-60 (d) motion to set aside for abuse of discretion. *Moore v. Davidson*, 292 Ga. App. 57, 58 (663 SE2d

6

766) (2008). A trial court abuses its discretion when it issues a ruling that is unsupported by any record evidence or misstates or misapplies the law. *Coastal Bank v. Rawlins*, 347 Ga. App. 847, 848 (821 SE2d 89) (2018).

There are no allegations here that the trial court lacked subject matter jurisdiction over this action or personal jurisdiction over the parties so as to authorize setting aside the February 2022 final order under OCGA § 9-11-60 (d) (1). It is unclear, however, whether any evidence admitted during the hearing that led to the trial court's October 2022 amended final order may have supported a finding that the parties' failures to previously credit Weaver for the VA disability benefits paid directly to K. C. — as directed in the court's 2015 order — may have constituted an accident, a mistake, or a nonamendable defect under OCGA § 9-11-60 (d) (2) or (3). Because the hearing was not transcribed, this Court will assume that the evidence authorized the trial court to set aside its prior order on one or more of those grounds. See *Adams v. State*, 344 Ga. App. 159, 171 (4) (c) (809 SE2d 87) (2017) ("[W]here the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm."), affirmed (but disapproved in part on other grounds), 306 Ga. 1, 1, 6 (2) (829 SE2d 126) (2019); see also *Maree v. Phillips*, 274 Ga. 369, 370 (2) (552 SE2d

837) (2001) (absent a transcript, this Court will presume that the trial court discharged its duty in compliance with the law). "It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014); accord *Davis v. Bushnell*, 245 Ga. App. 221, 223 (537 SE2d 477) (2000) ("[I]n the absence of a contrary showing, the trial court will be presumed to have followed the law." ) (citation and punctuation omitted). Thus, absent a transcript, Colclough cannot meet her appellate burden of showing that the trial court abused its discretion when it ruled on DHS's motion, notwithstanding its denomination as a motion "to reconsider." See *Kuriatnyk*, 286 Ga. at 590; *Planet Ins. Co.*, 228 Ga. App. at 266; *Hammer Clinic*, 169 Ga. App. at 523.

2. Colclough further contends that the trial court erred by concluding that the VA payments received by K. C. resulted in an overpayment to be credited against Weaver's child support obligations. We conclude that, while the trial court properly found that the VA payments canceled out Weaver's arrearage, additional proceedings are needed for the trial court to address the future impact of the VA payments.

Pretermitting whether Georgia's statutory scheme governing child support authorized the trial court to credit Weaver for VA disability benefits paid directly to

8

K. C., the time to appeal the court's 2015 ruling to that effect has long since expired. See OCGA § 5-6-35 (a) (2), (d) (to appeal an order in a domestic relations case, an application for discretionary review must be filed within 30 days of entry of the order); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) (the requirements of OCGA § 5-6-35 are jurisdictional). Consequently, because the VA disability benefits paid directly to K. C. exceeded Weaver's arrears, the trial court properly found (implicitly) that Weaver in fact had no arrearage as of September 30, 2022, and we affirm its ruling to that effect.

What remains unclear in the trial court's order, however, is whether the court meant to apply the amount by which the total VA benefits paid directly to K. C. exceeded Weaver's arrearage to Colclough ($5,023.60) as a credit against Weaver's future child support obligations. We therefore remand this case to the trial court to address that issue in the first instance. In so doing, the trial court should consider *Reach v. Owens*, 260 Ga. 227, 227 (2) (391 SE2d 922) (1990) ("The general rule in Georgia is that the noncustodial parent has no right to a credit for the voluntary overpayment of child support without the consent of the custodial parent."), and any other pertinent legal authority. It is for the trial court to determine, after consulting

9

with the parties, whether additional briefing, an additional hearing, or both may be warranted to comply with our directive.

*Judgment affirmed, and case remanded with direction. Doyle, P. J., and Gobeil, J., concur.*